UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FREDERICK G. BANKS | CIVIL ACTION NO. 05-1294 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| CANAL INSURANCE COMPANY, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

ORDER OF REMAND

Before the court is plaintiff's motion for remand, Doc. # 8, referred to me by the district judge for decision.

This is a suit for damages alleged as the result of an automobile accident. In the petition, filed in state court, plaintiff alleged injuries including a lumbar strain, cervical strain, lower back pain and "general aches and bruises about the body". He asserts entitlement to damages for physical pain and suffering, loss of enjoyment of life, unspecified medical expenses, lost wages, interest and costs. Plaintiff also seeks the value of his 1995 Honda Accord automobile which he claims was a total loss as a result of the accident.

In accordance with Louisiana law, plaintiff did not specify the amount of damages claimed. Nor did he specify whether the amount claimed is less than the jurisdictional amount necessary for federal court jurisdiction. La. C. C. P. Art. 893.

Defendant timely removed the case to this court but alleged only that "[u]pon information and belief, the amount in controversy

is in excess of Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs." Defendant did not set forth facts in the petition for removal or in an affidavit. Plaintiff has filed the instant motion to remand asserting that the amount in dispute is "<u>less than</u>" $75,000.00.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aquilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy

2

exceeds $75,000. <u>De Aguilar</u> I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." <u>Allen</u>, 63 F.3d at 1335. See <u>Luckett v. Delta Airlines, Inc.</u> 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II).

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Here, as mentioned, defendant did not support removal with facts set forth in its petition for removal or by affidavit. Neither is it facially apparent from the complaint that damages exceed the requisite jurisdictional amount. Plaintiff's claimed injuries of a low back and neck strain and bruises, together with unspecified lost wages and medical bills and the value of the ten year old car, do not necessarily exceed $75,000. Rather, the claims made in this case are similar to those made "with little specificity" in <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). Compare <u>Luckett</u> supra. Therefore, defendant must show

3

by a preponderance of other evidence that the amount in dispute is more than $75,000. This defendant has failed to do.

Because defendant has failed to support removal by demonstrating the jurisdiction of this court, this case should be remanded to state court.

For the foregoing reasons, IT IS ORDERED that this case be REMANDED to the Ninth Judicial District Court, Rapides Parish, Louisiana.

Alexandria, Louisiana, November 15, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE